■ GIOVANNA SPORTY et al., Appellants, v HONEYWELL, INC., Respondent. (And a Third-Party Action.) [710 NYS2d 591] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered

September 21, 1998, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, defendant's motion denied and the complaint reinstated.

Plaintiff Daniel Sporty was employed by third-party defendant Wexler and Sporty, a hardware business in Manhattan, until he was attacked, struck on the head and left unconscious by unknown assailants while working at the business after hours. As a result of the attack, Mr. Sporty suffered severe head injuries including skull fractures. Early in the evening of the attack, Mr. Sporty had telephoned his wife to advise her that he would be working late and that, since he would be working on upper floors where there were no telephones, he would call her periodically. During the period relevant to this case, Honeywell had a service agreement with Wexler and Sporty by which Honeywell agreed to maintain a burglar system which was designed to send an alarm to the Honeywell monitoring station in the event of a break-in after the alarm had been activated. Since the alarm was not activated on the night Mr. Sporty was attacked, no signals were sent or could have been sent. At 8:30 P.M., an unidentified person from defendant Honeywell called Mrs. Sporty, informed her that the alarm had not been set and told her that there was no answer at the store's telephone. She advised the caller that her husband was working late; she was asked to have him call Honeywell when she talked to him. Mrs. Sporty then tried repeatedly to reach him by phone. At 10:00 P.M., she called Honeywell and expressed her deepening concern that her husband did not answer the phone and had not called her. She was told that Honeywell would send someone to the store to investigate. Mrs. Sporty later had her brother visit the store at 11:00 P.M. when Mr. Sporty was found. The IAS Court dismissed plaintiffs' complaint on Honeywell's motion, holding that Honeywell's procedures did not create a special duty because there was no proof that Honeywell had ever sent an employee to the premises absent a specific request when the alarm had not been set as scheduled and, further, that the promise given at 10:00 P.M. was "gratuitous" and did not create a duty to act.

The IAS Court decision was correct insofar as it absolved defendant from any liability based upon the failure to send an employee as a result of the 8:30 P.M. telephone conversation with Mrs. Sporty since there is no evidence that Honeywell had ever previously dispatched an employee when an alarm was not set. Mrs. Sporty informed Honeywell that her husband

was at the store and it was reasonable to conclude that the alarm had not been set because he was there working with others. Indeed, it was not until some time later that Mrs. Sporty herself became concerned. When, however, Honeywell's employee advised her that it would actually send someone to check, Honeywell assumed a duty to actually follow through on its promise. It did not and this breach of duty can provide the basis for liability.

While defendant attempts to characterize any potential liability as a result of nonfeasance instead of misfeasance, it is forced to rely upon dated authority whose continued viability has been fatally undermined by Court of Appeals' decisions which give critical weight to the assumption of duty, as was done by Honeywell's employee in the later phone conversation, or which require a more complex evaluation of duty owed than that performed here (*Eaves Brooks Costume Co. v Y.B.H. Realty Corp.*, 76 NY2d 220; *Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579; *see also, Jill Robbins, Inc. v AFA Protective Sys.*, 223 AD2d 352). On this record, it is clear that Honeywell assumed a duty to actually send an employee to check on Daniel. That was not done and the duty was breached. Whether defendant's breach of that assumed duty proximately caused Daniel's injuries or whether such injuries were foreseeable is a question, as in other negligence cases, for the jury to resolve. Concur—Williams, J. P., Wallach, Saxe and Buckley, JJ.